ORIGINAL



# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Ning Ye
135-11 38ᵗʰ Avenue, #1A
Flushing, NY 11354

    Plaintiff

Police Department in New Castle, Delaware
1 Municipal Blvd. New Castle, DE 19720

PTLM W. Cuzco-Benites
Police PTLM of Del. Riv. And Bay Auth.
c/o Police Department in New Castle, Delaware
1 Municipal Blvd. New Castle, DE 19720
In her official capacity

Mary Roe
Arresting Officer of Del. Riv. And Bay Auth.
c/o Police Department in New Castle, Delaware
1 Municipal Blvd. New Castle, DE 19720
In both official and individual Capacities
    Defendants

) 
) 
) 
) Civil Action Number:
) Complaint
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 
) 

RECEIVED
JUL 27 2018
PRO SE OFFICE

## CV 18- 4273
## BRODIE, J.
### BLOOM, M.J.

---

## COMPLAINT

Comes now, Plaintiff Ning Ye (hereinafter "plaintiff,"), by his own (hereinafter "*pro se*"), as and for his Complaint herein Plaintiff, as and for his Complaint herein to allege as follows upon information and belief;

Plaintiff further alleges upon personal knowledge and belief as to his own circumstances, and upon information and belief (based on the plaintiff's investigation) as to all other matters, that substantial evidential support exists or will exist after a reasonable opportunity for further investigation and discovery as a result of pre-trial proceedings, trial proceedings, in support of the following:

**NATURE OF THE ACTION**

1. Briefly, this is a Federal civil Rights Action being brought pursuant to 42 USC 1983, et seq., against the names and unnamed defendants for their brutal violations of Plaintiff's civil rights under the label of False Arrest and Excessive Force, having caused aggravated consequences, in connection to such state common law torts as of false arrest, false imprisonment, battery, assaults, reckless inflict emotional distress, unnecessary force in forms of tortures, destruction of marital

1

union and deprivation of consortium against both spouses and then newly wed couple, now divorced;

2. In the instant action, the triggering cause is brutal police abuse of false arrest and false imprisonment in torturous condition and humiliation by apparent malice in violation of Plaintiff's civil rights under 42 USC 1983 followed with frivolous and malicious prosecution without justification has opened such a flood gate of grave consequences: it had heartlessly destroyed a marital union between a brilliant composer and a well established woman of letters in the beginning of the couple's honey moon.  Hence such grave civil rights violation has offended the Delaware State's common law tort: Deprivation of Consortium against both victimized spouses leading irreversible alienation of affection.

3. Accordingly, and unfortunately, plaintiff has been compelled to bring this instant action to seek for justice from such outrageously state organized unconscionable violence maliciously interfering marital union under misguided stereotype of "over-protectionism".  Such a mother of wrongs must be corrected in a exemplary case for the victim(s), as well as for all similarly situated actual and potential victims.

4. In this instant case, the following parties played scandalously indecent role in falsely arresting the Plaintiff for apparently no cause or completely twisted cause under the illusion of "political/legal correctness": Handful apparently poorly trained police officer(s) as Mary Roe and possibly John Doe, whose bias, prejudice and stupidity had overwhelmed the majority opposing police on the right and rational side;  Responsible DA's office who conducted ensuing malicious prosecution rejecting to face the truth, and a "neither fish, no foul" "family court" which unconscionably, highly likely exercised unconstitutionally empowered "quasi-criminal justice" by depriving the Defendants with Jury Trial, whose mere function is to render disintegration of marriage and family union under such obsolete stereotype ideological bias in over-protection of one gender in repression of another.

5. Plaintiff is considering to implead the latter two colossal adversaries in this Federal Civil Rights action when time is ripe, yet he has to temporarily by-pass these two sizable mountains of outrageous repression for pragmatic concern of his restraint in resources, particularly given to those potential adversaries have enjoyed "absolute immunity" while Plaintiff has not yet found a good way to overcome the impasse.

**PARTIES**

*Plaintiff*

6. Plaintiff Ning Ye is a a Resident of City of Flushing, County of Queens, State of New York. He is currently residing at is 135-11 38th Avenue, Room 1A, Flushing, NY 11354.

7. Plaintiff is a U.S. citizen, and at the time of the triggering cause accrued, i.e., July 28, 2017, he was husband to his then beloved wife Wuyi Pan, a well known woman of letters, an individual of emotional instability.

8. The named Plaintiff is "the most brilliant young music composer"(Not "one of the", see "The Washington Times", Nov. 1999), reflecting such folks song motif as of **Antonín Dvořák** ("The Washington Post" November 1999), one of the most crucial champions advocating freedom, democracy and human rights for the enslaved people behind totalitarian iron curtain of China and *the*, or one of the of the, most highly acclaimed and popular political commentator(s) with Radio Free Asia under the contract seamlessly since the year of 1998, in advocacy of America value as the common heritage of free mankind and mankind created and destined to be free. Plaintiff is also a part-time "attorney" for livelihood, though he does not believe in deep nature he does actually belong to that somewhat controversial industry, the world's only profession that was singled out and gravely condemned by Lord in Luke Chapter 11, verse 48-50.

9. Plaintiff came across his shortly wed ex-wife Wuyi Pan on May 28, 2017 and fell in deep love with her at the first sight. Ms. Wuyi Pan is a well known woman of letters from China, who had received numerous national and international awards of literature. She started publishing short stories and novels in China's top-notch nationally circulated journals as a teenage and in her earlier twenties. She is creative, youthful, sexy and beautiful, a genius type. After living in an approximate 15-year divorced life, Plaintiff's unrelenting position to maintain single for the rest of his like had been shattered. Both Plaintiff and Ms. Wuyi Pan were so crazy that they decided enter into a vowed "life-long marital union" in burning love and affection and received their precious marriage certificate in Queens County, New York on July 13, 2017.

10. During that romantic relationship, Ms. Pan wrote Plaintiff more than 1000 messages in heated love and affection and dozens of poems, some are broadly circulated, during the period from May to October. It is well documented that her burning desire for affection in crazy yelling for love, affection and sex had been persistently sought from Plaintiff, yet unavailing due to unjustified, irrational legal hurdle, until and through November 2017.

11. Both Plaintiff and his newly wed wife, though the latter is 28 years junior, were living in an illusion that they the 21st Century's replica of the fairy like romance between exiled Polish music composer Frederic Chopin and French woman novelist Geaoge Sand (Real name as "Amantine Lucile Aurore Dupin"). Such a "Romeo-Julia's mid-Summer Dream" was immediately broken into tragic

debris while the colossal force of law enforcement brutally invaded and interfered, designed and devised to play its overwhelming role to forcibly separate the newly wed couple while their honey moon just took its half-phase. A jokingly ridiculous order of protection followed with the world's most conscience shocking false arrest, false imprisonment, followed with the overzealous DA's malicious prosecution. The couple was married on July 13, 2017. They were coerced by a hard-to-define quasi-criminal justice(?) tribunal of summary proceedings, namely, "family court", to order to separate from one another, on July 28, 2017, 15 days after marriage.

12. More ridiculously, that "family court" flatly rejected Plaintiff's Motion to rescind, modify or revoke its order of "protection", offering a perpetual guarantee for that desirous lady to live in loneliness forever.

Defendants:

13. Defendant Police Department in New Castle, Delaware, is a resident of the State of Delaware. Based upon information and belief, also upon further information yet to be discovered through discovery, Defendant's principal place of business is situated at 1 Municipal Blvd.New Castle, DE 19720. Its business phone number is (302) 322-9800

14. Defendant knew and should have known with clear cut, conspicuous, overwhelming counter-evidence in such obviously exculpatory nature presented before it, savagely, stubbornly, mischievously, recklessly and maliciously conducted and accomplished such conscience shocking false arrests, false imprisonment having led to ensuing malicious prosecution, despite majority officers, mostly men officers, having expressively opposed the arrests.

15. Plaintiff, during 6-hour false imprisonment, was remained hand-cuffed in a locked cell. Most ridiculously, and wastefully, his handcuff was unnecessarily and tightly chained to a narrowly designed, odd-shaped metal bench, having made his body harmfully twisted in shape for entire 6 hours continuously. Plaintiff cannot imagine what is the pragmatic purpose for these police to tightly chain the inmate's handcuff into the metal bar inside a 100% safe locked cell under all direction TV monitoring. There is no other purpose but to cause the inmate to feel excruciating pain and sufferings in a uncomfortably twisted body position for a long hour, extreme and ridiculous! This is a typical case showcasing torture.

16. Based upon information and belief, also upon further information yet to be discovered through discovery, Defendant Ms. W. Cuzco-Benites identified herself as the Police PTLM of Deleware River and Bay Authority precinct, acting as an arresting law enforcement representative. Whether Defendant Benites is the same person of Mary Roe is yet to be discovered through discovery. Defendant W. Cuzco-Benites is the Resident of Delaware State.

4

17. Defendant apparently acted in malice and wanton recklessness in conducting such a false arrest without probable cause or with apparent cause opposing her discretion which was wantonly abused and heartlessly depraved. With her own hands recorded overwhelming counter-evidence loudly declaring the Plaintiff's innocence plus meritorious deed of decency and nobility, which appears so highly visible even to a blind person, that responsible officer still called for arrest, detention and prosecution! Though such an apparently lousy decision undisputedly demonstrates Defendant's abuse of discretion, this Plaintiff should still express his hearty appreciation for that officer's honesty and integrity in straightforwardly recorded the factual truth of what had happened in her Affidavit in support of arrest, detention and criminal prosecution. The centerpiece and the essence of that Police Affidavit made upon findings on the scene becomes sort of cornerstone in vividly illustrating Plaintiff's innocence, decency and nobility. She did not appear to have lied or covered up the truth in support (actually in destruction and elimination) of her completely erroneous and reckless decision leading to disaster. Therefore, Plaintiff would not hold her personally liable for the tragedy. Plaintiff only claimed against her in her official capacity.

18. Defendant Mary Roe is a lady police officer. Based upon information and belief, also upon further information yet to be discovered through discovery, mostly upon watch of police on the scene video footage, Defendant Mary Roe is the director in chief, leading actress, sole driving force, regardless the her colleagues' objections, disagreement, opposition, maliciously insisted upon putting this apparently innocent and noble Plaintiff under arrest. Defendant Mary Roe's attitude demonstrated her ideological bias and prejudice in extremist feminist ideology and allowing herself afloat and chained by her philosophical bias and craziness to precede and overtake her sense of justice, balance, fairness and rationale. Even when a male officer attempted to correct her craziness unyieldingly insisting on arresting the apparently innocent plaintiff by pin-pointing that Plaintiff did good to prevent the woman from committing suicide on express way, that woman had sternly refused to change her mind. Her conscience shocking prejudice and malice facing all probable evidence indicating exculpability, has triggered all ensuing chains of enormous disasters as grave consequences.

19. Based upon information and belief, Defendant is a Police officer with Deleware River and Bay Authority precinct, acting as an arresting law enforcement representative. Defendant Mary Roe is the Resident of Delaware State.

20. Due to this Defendant's wildly running into many many extra miles, under apparently undue influence of ideological bias which tightly controlled her abnormal behavior and her apparently abusive prejudice, malice that overtaken her performance of justice mandated official duties,

Defendant Mary Roe should not only be held liable and accountable for all the harms and vice against Plaintiff in her official capacity, she should also be held personally liable and accountable because her privately programmed or pre-programmed harmful philosophy of extremity and stereotype prejudice has overtaken her sense of official duties under the protests of her colleagues.

21. Plaintiff respectfully reserves his rights to take further actions to implead such responsible potential defendants as the DA's office and the Family Court, allegedly formed with little constitutional support and having done more harms than goods to this Plaintiff, as well as to the general public, the actual and potential victims, both of whom knew and should have known such highly visible malice and injustice in this case yet the actions they took had not alleviated the harms and damages, yet they jointly and severally made the harms become completely uncontrollable and irreversible. Those potential Defendants yet to be impleaded, possibly, did have the power, omnipotent resources and ability to restore justice, fairness and public goods in this highly visible wrongful, and malicious prosecution, yet they had repeatedly rejected to correct such enormous absurdity, but also using all efforts to enhance such conscience shocking wrong until they saw Plaintiff's marriage, and his happiness and enjoyment from consortium were completely nabbed, mudded, destroyed and eliminated!   .

22. At least for the criminal justice part, such a philosophically and jurisprudentially wronged tribunal namely as family court in exercising quasi-criminal justice without offering the defendants with meaningful due process, with little constitutional support, should have been long abolished for the real interests of justice as well as for the public goods.  Yet this Plaintiff only have extremely limited resources and he has figured out he has no sufficient resources to combat all injustices by one individual case.

23.    JURISDICTION AND VENUE

24. This Court has Federal question jurisdiction under 28 USC § 1331, and this instant case involves such Federal question, among others, as such set forth in 42 USC 1983 for civil rights violations.

25. This instant case also involves such Federal Question matters in relation to Federal Tort Claim Acts against the Delaware State Government, so far on municipality level, these added federal question matters give rise to this Honorable Court with further Federal Question Jurisdiction pursuant to 28 USC 1331. .

26. This instant case also involves such Federal Question with constitutional implication in relation to procedural and substantial due process under 5th Amendment, 14th Amendment, regarding whether such a quasi-criminal justice being exercised by such a thing as "family court" through its rough, simplified,  summary proceedings with completely ripping of jury trial, can really offer such

criminal defendant with full, fair and meaningful hearing of due process under the 5th and 14th
Amendment? Whether the Defense counsel under the family court's justice setting can adequately
exercise his/her full and meaningful defense being offered to the criminal Defendant in Family
Court environment in the light of 6th Amendment? These added constitutional issues have rendered
this Hon. Court with Federal Question jurisdiction under 28 USC 1331.

27. In this instant case, Plaintiff is the resident of New York State, and he was accidentally caught in a
jungle of such a foreign state as the State of Delaware while driving through the latter's territory.
All Defendants are apparently Residents of the State of Delaware, thus the fact pattern has
established a complete diversity of citizenship.

28. The claimed amount for damages is will be far beyond the minimum level of $75,000.00.
Therefore this Honorable Court has diversity citizenship jurisdiction pursuant to 28 USC 1332.

29. This Court has Federal question jurisdiction under 28 USC § 1331, and this instant case involves
such Federal question as such set forth in 42 USC 1983 for civil rights violations.

30. This Court may also have supplemental jurisdiction over claims arising from violations of
state law because of violations of common law in both the State of Delaware and the State of New
York, therefore, this Court may also have supplemental and personal jurisdiction over the defendants
under subsections (a)(1) and (a)(2) of the New York long-arm statute (CPLR Section 302) because
upon information and belief, defendants activities and its consequences and harms thereof, and/or their
agents, servants, subsidiaries either transacted business in this State pursuant to the doctrine of *lex loci
delicti.*

31. Venue is proper in this judicial district pursuant to 28 USC 1391(d); Venue is also proper in this
judicial district for this instant case pursuant to 28 USC 1391(b) and (c) because the Plaintiff is the
Resident within the Jurisdiction of this Court, while the criminal Part of the Family Court in the
State of Delaware, with the support of Defendant State/municipal police, extended its claws of
criminal jurisdiction over the Plaintiff living inside the State of New York and the toll booth built
by the Defendant's state charges money against column of automobiles from the State of New York.

## STATEMENT OF FACTS

32. Plaintiff met his now divorced wife Ms. Wuyi Pan on May 28, 2017.  They quickly fell in love, the
romance between a well known music composer and an established woman of letters was sweet,
exciting, poetic and burning night and day, though wife is 28 years junior, the Blessed husband
looks and makes at least 20 years younger than the average, a walking miracle proving the truth of
the Lord's Promise in Psalm 103, the Psalms, old Testament.

33. On July 13, 2017, the couple was married in Queens county of New York state.

34. The fairy like marriage abruptly ended while the burning flame of mutual affection was still burning, at least on wife's side. On October 2, 2017, the couple was divorced in overwhelmed sadness because the Delaware Family Court, in exercising its apparently unconstitutional criminal justice through irresponsible, senseless policing power abusively interfering such a sacred field of privacy between a married couple, coerced the husband and wife living separately with a so-called order of protection against the highly visible an innocent "criminal suspect" through summary proceeding, without an evidentiary hearing starting July 28, 2017. The same police court rejected to hear the grieveman's prayer for terminating such injustice and coerced separation by dismissing the Plaintiff's Motion with support of overwhelming exculpatory evidence.

35. All Defendants' joint and several wrongs have not only severely harmed Plaintiff's body, dignity and reputation, it has brutally and ridiculously deprived Plaintiff's consortium, happiness, loving life, leading to irreversible break of the couple's marriage. The grave harm those Defendants caused is irreparable and life-long.

36. On July 28, 2017, when this Plaintiff drove to Washington DC to join a conference held by Wei Jingsheng Foundation, he traveled together with his then wife Ms. Wuyi Pan. Shortly after his vehicle passed the Delaware Memorial Bridge southbound, an oral disputes occurred between husband and wife, when wife sternly prohibited Mr. Ye to visit his son in minority age, Michael. When Mr. Ye said it is a red line best not to cross when his child's parental rights are referred. Ms. Pan became irritated and yelling that she did not want to live, and let her to die. She released her buckle and popped open the door on the right side, attempting to jump out of the moving vehicle, towards the running traffic on the right side a few feet away. Plaintiff instinctly use his right hand to tightly grabbed his wife to prevent her from shooting out of the moving car into the wheels on the right. All episodes started from that moment.

37. The tragedy was caused by this Plaintiff's well documented, easily, clearly and highly visible deed in saving fellow human being's/beings' life/lives on the Expressway 295 southbound, in an intersection of road working zone, without shoulder, during the earlier afternoon time, while he was driving his small Chevy Concus in left lane within a two lane normally moving traffic columns. There is no shoulders to allow any vehicle to make emergency pull-off on either side. The running column of traffic on Plaintiff's vehicle's right side was just a few feet away from his vehicle. All traffic was on full speed during the earlier afternoon's peach hours. The roadwork zone last about at least miles long immediately after the Delaware Memorial Bridge southbound. To describe these, partly being documented by police Affidavit (Exhibit1), like the Plaintiff exactly did when he

versed to the arresting police, writing down in his cell, and sated in his Motion to Dismiss. To recite these details is critical for a rational adjudicator to look into the nature of the case.

38. At that moment, Plaintiff was driving and Ms. Wuyi Pan, his then wife was sitting in the front passenger seat. As he moved to the Family Court for the Court to take Judicial Notice that American brand automobile such as Chevy type, the driver's seat is on the left side while the front passenger seat is on the right. While when the vehicle is moving in traffic columns within the left lane in a two lane moving traffic in a non-stop expressway, within the roadwork zone with no shoulders on either side, if a passenger on the front seat were allowed to be shoot out as physical impact of struggling with a prevention force, she will be directly shoot herself into the column of automobile wheels a few feet away, most likely with head forward, and get instantly grounded and smashed, certainly killed on the scene. There is almost no hope that the shooting-out woman from the right side towards the moving traffic could survive. Worse, such an instant killing may highly likely trigger the panic of other irrelevant, detached, totally innocent drivers and cause chaotic reaction of the road condition, which could lead to multiple crashes, and possibly multiple deaths.

39. Defendant Police PTLM W. Cuzco-Benites, in her sworn Affidavit Statement made on July 28, 2017, to the Family Court in support of malicious prosecution had conspicuously documented the essence of the factual truth depicting what had exactly happened. Moreover, the Affidavit further certified Plaintiff's Ning Ye's verbal explanation to the arresting police. The Affidavit went further to certify that Mr. Ning Ye's counts of clarification of the situation was substantiated and supported by: Statement of Oswald Gonzalez, the tractor Traylor driver who was in the right lane next to the Plaintiff's vehicle. Furthermore, Plaintiff's then wife, the alleged "assault and offensive touching victim", recited what had happened under the emergency situation. Three witnesses', friendly or hostile alike, chain of testimonial evidence have truthfully reconstructed a four corner squared evidence: Plaintiff Ning Ye did this world's only right thing: save fellow human life and possibly lives under a very dangerous and difficult situation.

40. The later disclosed police investigation sheet ruled out all other wrongs and evils in a long line of yes or no questions. Putting all these together, any psychologically healthy and competent law enforcement officers, prosecutors and jurists exercising this country's most powerful swords and axes, may only need a few minutes to instantly find the merits and goodness for what this Plaintiff did under the circumstances. That is why the police video footage revealed that many male police officers opposed the stupid, brainless woman officer, Defendant Mary Roe's lone person's conscience shocking decision to put Ning Ye under arrest on the scene. Yet it took more than 9 months, until April 2018, for all these defendants to reluctantly finish the job of two minutes, for them to find the right answer to dismiss the criminal charge against the Plaintiff. During those 9 month period, the worst had happened. Plaintiff's family was made to be broken due, Plaintiff lost his young and brilliant wife. His consortium was brutally deprived and mutual affection was made irreversibly alienated.

41. Moreover, Plaintiff remained handcuffed inside the fully locked police cell with metal bars for entire 6 hours. In such a 100 percent locked safe, Plaintiff's handcuffed limbs were tightly chained to a metal bench, rendering his body twistedly attached to the metal bench without allowing him with free movement for entire 6 hours. This is a typical action of torture! The restraining measures appear completely wasteful for the sake of security because the inmate remained constant handcuffed with two hands through to the end except for being called to sign documents. This sort of excessive police force in the Delaware State Police cell is simply too much, too wild and too excessive. It is completely intolerable even to a real criminal, let alone to a completely innocent person whose noble act in saving fellow human lives should be highly acclaimed and rewarded, rather than being penalized in this magnitude.

42. Plaintiff was arrested and detained in handcuffs in the locked cell of New Castle Police Precinct during the period from about 2pm through 8pm, July 28, 2017. Plaintiff was charged for one count of 3rd Degree Assault, and one count of "offensive touch", against Ms. Wuyi Pan, my wife in wedlock under law, while Plaintiff was scheduled to appear before Delaware Family Court to answer criminal charges without meaningful due process and without jury. The one-sided restraining order was issued against the Plaintiff to separate and to destroy the marital bound without offering plaintiff an evidentiary hearing. Plaintiff signed all papers "under protest".

43. Plaintiff then immediately moved to that frivolous family court stating that the criminal case must be dismissed by presenting overwhelming exculpatory evidence in defense of Justification of all aspects, including the Arresting Officer's mostly exculpatory Affidavit Statement in "support" of the prosecution.

44. Plaintiff then argued that criminally charged action out of his instinct, if any, has been justified in his exhaustive efforts in saving life of his newly wed spouse sitting on passenger seat, and probably many other detached and innocent fellow human lives in passing traffic while his wife, the alleged "victim" of implicit allegation of "domestic violence" in "grabbing" and touching his wife preventing her from "exiting" the couple's vehicle in motion, or falling into underneath the wheels of on-going traffic. The authorities knew and should have known all these facts of justification under emergency situation after piecing together all the truthful facts from different sources, yet they still launched such heartless, brainless criminal charges against the Plaintiff coupled with their arrogantly illusioned good shied under sword: "Protection order" to separate for what he had done in nobility. Plaintiff offered the court and the DA with his Affidavit statement attached to his several Motions to dismiss, and to lift such ridiculous ban on living together.

45. Even though, before November 2017, the ban is "unwanted contact" and Plaintiff's newly wed wife repeatedly and explicitly expressed her burning thirsty for romance and sex, by constantly sending great number of messages, being recorded and documented, Plaintiff had to take precaution to

protect himself from his wife's any uncontrollable accusation and backstabbing charge for "unwanted contacts" that could chain him back to that tortures cell over again because his wife's mentality was not always stable and reliable.  After November 2017, that the conditional restraining order has been turned into flatly no-contact order.  The No-contact order, conditional or unconditional, issued, re-issued and reissued, without examining all the highly visible exculpatory evidence, without offering evidentiary hearing to both the victims, had became an lethal ax ending up with completely destruction of marital ties, and depriving the consortium as a whole, a family disaster.

46. In earlier phase of that malicious prosecution, Plaintiff argued and testified : "I *reacted* with my appropriate and necessary force and maneuver out of my instinct and following noble sense that Lord has preprogrammed in us good human beings: reverend of fellow human lives and save them, one or more, under any exigency situation.  I was not fully aware with my maneuver in details because when **emergency situation defining life and death occurred**, I had to in the meantime concentrate upon steering my car wheel with my left hand (I have never been a top-notch driver, I have to fully concentrate on driving an automobile on express way.) and watching the forward and side movements of traffic flows while using my right hands to stop my wife's highly likely *deadly "exit"* by *"grabbing her"* (See Affidavit to induce Warrant by Officer 4068, as Exhibit 1, with relevant and enlightening portions highlighted in yellow.) from the front passenger seat, right to me, shooting herself in what the police defined as *"exiting" during a "verbal argument" that triggered her "agitated"*, towards the underneath of wheels of the traffic at full speed, a few feet from our vehicle."

47. A critical piece of a complete exculpatory evidence fully exonerating this undersigned Plaintiff for his noble action leading to his wrongful arrest, detention, prosecution and arraignment is clearly and unequivocally demonstrated by an on-the-scene Investigative Police #4068's Affidavit to induce criminal Warrant dated July 28, 2017 (Exhibit #1, with relevant portions highlighted in yellow), when the impression and reflection thereof in the witnesses' accounts thereof, of what had happened appeared freshly, hot, and really "present".  The exculpatory Affidavit exonerating the Plaintiff presented us with the following factual truth as follows:

A.: "Upon arrival, I (police officer 4068—added) observed a Asian (sic) female occupant (Alleged "victim" Wuyi Pan—added) within suspect vehicle." (Exhibit 1, police officer 4068's Affidavit, paragraph 2, with relevant part highlighted in yellow.)

B. "The male (meaning this undersigned Plaintiff/Plaintiff) was speaking with Ptlm Capiak #3012…"(Exhibit 1, police officer 4068's Affidavit, paragraph 2, with relevant part highlighted in yellow.)

C. "Pan stated that she was in a *verbal* argument with Ning *when she attempted to exit the vehicle.* Ning grabbed Pan by the hair to prevent her from exiting the vehicle." (Exhibit 1, police officer 4068's Affidavit, paragraph 3, with relevant part highlighted in yellow., emphasis added )

"Witness Osvaldo Gonzalez…*confirmed* Ning's account of events. *His point of view was from the lane immediately right of the vehicle in question* (meaning: Ning's vehicle was then in the left-to-his lane-- added)." (Exhibit 1, police officer 4068's Affidavit, paragraph 4, with relevant part highlighted in yellow, emphasis added.)

"…victim Pan showed that the argument began when Pan question(ed—sic) Ning about a previous relationship with another person. Pan …*provided documentation of the marriage.* Ning('s-sic) *response* to being questioned about previous relationships was to ("to make Pan" was missing according to the context, sic—added) become *agitated.* (Exhibit 1, police officer 4068's Affidavit, paragraph 5, with relevant part highlighted in yellow.)

Citation A demonstrates that victim then was safe and sound, or at least breathing and alive while sitting in the "suspected vehicle" Plaintiff drove on July 28, 2017, for whatever reason. The key word here is "within."

Citation B demonstrates this Plaintiff was explaining and articulating what had happened to arriving police officer, apparently clarifying that his reaction out of instinct was to save life/lives, thereby sending an actual and constructive notice to arresting police that an "instinctive reaction" to save life/lives was what the Plaintiff was doing; The key word here is "speaking to".

Citation C demonstrates that the alleged "victim", Plaintiff's wife admitted, under present sense impression: that this Plaintiff grabbed her to stop her "attempt to exit" the vehicle (*in motion,* omitted and added). Most importantly, the arresting police was given an actual and constructive notice that the preludes leading to Mr. Ning Ye's instinctive reaction to "grab" Ms. Pan, the alleged "victim", was "*a verbal argument*", that admission has precluded further fancy speculations, if any, of precluding violence.      That admission under the present sense impression, about the triggering cause leading to "*grabbing*" to prevent Pan from being shot into the underneath of the moving traffic and highly likely getting instantly killed or injured and probably triggering massive crash on expressway was further clarified by paragraph 5, concerning what was being verbally argued ended up with Pan's attempt to exit the vehicle in motion and lines of vehicle at the right, i.e., passenger side under being emotionally "agitated" psycho condition.

48. Plaintiff also presented the Family crime court and the DA who conducted such a malicious prosecution with reconstruction of the "crime scene" and observers' observation testimony. None of which had raised attention of the heartless and reckless bureaucrats.
49. In plaintiff's Motion to dismiss the case, Plaintiff stated loudly towards those deaf ears in power as follows:
" Under the criminal code, there are several defined circumstances where the use of force by an individual will be deemed justified and so constitute a defense to a criminal prosecution. 11 Del. C. § 461. For example, use of force is justified when it is required by law. 11 Del. C. § 462  Presumably, this is limited to the degree of force necessary to perform the act required by law. Further, individuals

with special responsibilities for the care, discipline or safety of others, such as children and incompetent people, may use a limited amount of force to safeguard and promote the welfare of such persons. 11 Del. C. § 468"

"Justification is not an affirmative defense placing the burden of proof on the Plaintiff. Instead, the Plaintiff must only come forward with some credible evidence of the existence of facts making the act justifiable. If the Plaintiff does so, he or she is entitled to have the matter considered by the jury on the basis that the burden is on the prosecution to prove absence of justification, and if the Plaintiff's evidence raises a reasonable doubt as to justification, the Plaintiff is entitled to a judgment of acquittal.11 Del. C. § 461, commentary; Hamilton v. State, 343 A.2d 594 (Del. 1975)

On July 28, 2017, Plaintiff's alleged dragging his wife or offensively touching his wife as an "alleged victim" was admittedly from all sources of witnesses, including the Plaintiff himself, his wife the alleged "victim", highly likely also from the fussy informant, the 911 caller Mr. Gonzalez the driver of a moving tractor trailer which was forward moving on the right of the Plaintiff's "suspect vehicle", aside the passenger seat. All source of witnesses accounts admit that Plaintiff's alleged *offensive* touch was to prevent the alleged victim in emotional charge on Plaintiff's prior family relation involving his son and the mother of his son, his divorced ex-wife, from "exiting" of Plaintiff's moving vehicle at full or reduced speed, jumping off her seat after the seatbelt was made unbuckled and the right door was popped ajar. While the admitted prelude leading to the Plaintiff's "physical" was a "verbal argument, that was nothing to do with "physical". Plaintiff's action under the circumstances is not only justifiable, reasonable, but also noble. His suffering followed is deserving because one life or more lives were preserved from imminent life threatening risks because of the Plaintiff's maneuver under extremely difficult circumstances. One should not be treated and punished as a criminal for his efforts to save human lives. That may be the minimum mandate of justice. Reconstruction of the zone of the incident on July 31, 2017 demonstrated conscience shocking view of passing traffics at or around the "struggling area" while this saver of human lives had experienced one July 28, 2017.

A conduct which is otherwise constitute an offense is justifiable when it is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the Plaintiff, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the criminal statute defining the offense in issue. This is what exactly happened in the incident and its nightmarish prelude of July 28, 2017, where appropriated force from Plaintiff was instinctively applied to stop the alleged "victim" exiting from the quickly moving vehicle and being shot into the moving traffic at full speed on Express Way 295, southbound. The necessity and justifiability of such conduct may not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder, citing 11 Del. C. § 463; See Alexander v. Cahill, 829 A.2d 117, 128 (Del. 2003); Bell v. Shahan, C.A. No. 93C-07-07, slip op. at 2, Balick, J. (Del. Super Feb. 15, 1994)

*Plaintiff further argued: Plaintiff's " July 28, 2017 action may also be justified in the doctrine of Defense of Others.* If an approximate 130 pounds fully developed adult woman are being suddenly shot from the Plaintiff's vehicle in motion because of the impact of the counter-force in opposition directions and rolling into the underneath of the quickly moving the wheels, like we often see a killed deer on an express way, God knows what panic would have been caused for other completely detached and innocent drivers! A Plaintiff may use force to protect a third party provided that (i) the Plaintiff would have been justified in using force in self defense had the Plaintiff been in the shoes of the third

party; (ii) the third party would be justified in using protective force under the circumstances as the Plaintiff believed them to be; and (iii) the Plaintiff believed that intervention was necessary to protect the other person.88 There is no requirement of reasonable belief, so the defense applies even if the Plaintiff's belief was unreasonable or mistaken. 11 Del. C. § 465, commentary 89 The rules relating to the obligation to retreat applicable to the invocation of the justification of defense of others are similar to those applied to the justification of self-defense. 11 Del. C. § 465(b), (c) and (d)."

50. None of these persuasive arguments of the factual truth and relevant law have moved the stone-dead heart of these irresponsive souls in total recklessness and actual malice. Defendant was offered to take "anger management course" as the condition to get the case dismissed. After the case was finally dismissed as later as April 2018, the No-Contact order had been in place already for a prolonged period of nine months, during which the Plaintiff's sweet and happy marriage, hard-earned after almost 15year divorced loneliness, has been gone with wind.

51. On September 27, 2017, immediately after Plaintiff's motion to dismiss, which was read by the Family Court as the Motion to lift no-contact order prohibiting the Plaintiff from contacting his newly wed wife starting the 2nd half of the honeymoon, was recklessly and ridiculously kicked out from the Court, this Plaintiff served, by certified express mail with return mailing receipt to Delaware River and Bay Authority police, his manifest claim for damages. That certified mail was received on September 29, 2017 and Plaintiff did not receive any response from the defendants.

52. **Counts of Plaintiff's Claims Against All Defendants:**

**Count one: False Arrest As Triggering Count in both Federal Law and State Tort**

Defendants knew and should have known that Plaintiff did it right and decent under the circumstances in grabbing and touching the alleged victim, then his newly wed wife, to prevent her from exiting the automobile in motion at express way, yet the police chief still decided to put the Plaintiff under such a humiliating and harmful arrest under the protests of her colleagues. The arrest against Plaintiff on July 28, 2017, leading to chain of disastrous ensuing consequences, is flatly illegal on its very surface. Such an excessively abusive arrest has not only lacks probable cause, it was opposed by the adversarial evidence in strongly support of the Plaintiff's innocence, nobility and full blooming goodness in the eyes of law of this dimension, as well as the law of Lord! Defendants, especially Defendant Mary Roe's unconscienable, hysterial, unexplainable decision of putting such a heroic figure under arrest is simply conscience shocking. Defendant Mary Roe does not appear properly exercising her official duties within the scope of her employment, her absurd action of mental trouble, possibly being captured by professional discipline or corirculum, but by all kinds of popular cultural residues, is not acceptable by any standards of any civilized world under rule of law. Such a maliciously made false arrest of illegality showcased to the world to such

an absurd way, just like arresting the firefighter in 911 rescue missions! Such a false arrest deserves stern condemnation by the entire humanity with minimum conscience and reason, period.

**Count 2: False Imprisonment, State Tort**

For no lawful cause, zero probable cause in support of police action on July 28, 2017, the Plaintiff was unlawfully and unethically detained in handcuff, and chained in a locked police cell by all these defendants, especially Defendant Mary Roe, from 2pm through 8pm, without free movement, against his will, under his repeated protests with clarification of the circumstances. Such an involuntary imprisonment followed after completely frivolous false arrest was illegal and it is textbook false imprisonment.

**Count 3: Battery, as State Common Law Tort**

Police, in conducting false arrest, had resorted violence in restraining the Plaintiff by tightly handcuffing him cutting the cuffs into his wrist skin for at least 1.5 mm for prolonged time, defendants also wastefully attach the cuff into metal bench for 6 hours in tight, with no justification within the locked cell, Such an involuntary restraining measures had caused unnecessary pains, lasting agonizing and excruciating hurts and injury. This is a common law tort.

**Count 4: Assault**

Police, in conducting false arrest, had resorted violence in restraining the Plaintiff by tightly handcuffing him cutting the cuffs into his wrist skin for at least 1.5 mm for prolonged time, defendants also wastefully attach the cuff into metal bench for 6 hours in tight, with no justification within the locked cell, Such an involuntary restraining measures had caused unnecessary pains, lasting agonizing and excruciating hurts and injury. Defendant's unlawful invasion of Plaintiff's body also caused instinctive fear and dreadful psychological harm and pains. This is a common law tort.

Account 5. Excessive Police Force as Federal Cause of Action as Well as State Common Law Tort:

Police, in conducting false arrest, had resorted violence in restraining the Plaintiff by tightly handcuffing him cutting the cuffs into his wrist skin for at least 1.5 mm for prolonged time, defendants also wastefully attach with short and tight metal chains to the metal bench, rendering his body in twisted shape for 6 hours, causing him a prolonged excruciating pains and agony, with no justification within the locked cell. That excessive restraint under the disguises of law enforcement is a textbook type torture. The police force there is apparently excessive and wasteful, the only decoded purpose is to cause the inmate to suffer and to agonize. Such a prolonged "civilized" measures is much worse than simply beating and kicking. Such an involuntary restraining measures had caused unnecessary pains, lasting agonizing and excruciating hurts and injury.

Excessive police force is here highly visible and undisputed.

## Count 6. Violations of the Plaintiff's Civil Rights under 42 USC 1983

All persecutions, followed with false arrests, false imprisonment, tortures behind bars by attaching his handcuffed hands into metal bench in a locked cell, followed with so obviously malicious prosecution, most likely being motivated by Defendant Mary Roe's ideological bias and prejudice in reverse gender discrimination extremity, causing bodily and psychological harm by state/municipal violators. The triggering harms were followed with malicious prosecution by an unconscionable, heartless DA, in her selected summary proceeding setting such as criminal justice in the hands of a family court, has grossly violated Plaintiff's civil rights pursuant to 42 USC 1983. The family proceeding setting does not offer this plaintiff with fair, full and meaningful proceedings in ripping off his liberty in contacting his wife, depriving his liberty-property rights imbedded in his consortium without offering him full fledging hearings and chance to express his grievance and justice, all proceedings is in summary setting without jury and adequate defense. Piecing all these together has ripped off his due process rights under the 5th, 6th, 8th and 14th Amendment. Those also resulted in tremendous prejudice, rendering his family and marriage completely shattered for no justification.   To chain his handcuffed hands tightly into metal bench rendering his body in twisted shape for 6 hours ridiculously in a locked cell showcasing excessive police force is also gross violation of 8th Amendment for Cruel and unusual punishment. In this case, it is resorted to punish an innocent person of decency, for his doing such a heroic deeds in saving lives in express way.

## Count 7.  Deprivation of Consortium

Deprivation of Consortium is a recognizable vice in common law tort in the State of Delaware. Knowing its wrong by its totality, the Defendants, and Das, in the support of that unconstitutional criminal part of that so-called family court, have jointly pushed such a coercive measures in the forms of Order of Protection for three consecutive time, lasting for the period from July 28, 3017 through April 8, 2018, almost for 9 months, during which the so-called family court for twice rejected Plaintiff's prayers for lifting or modifying the no-contact order recklessly.  When such a malicious and reckless measures of coercion started to harm, the couple was just married for 15 days and their honey moon was just going by half.  This is an conscience shocking horrifying destructive penalty, with zero justice in place given to absurdity of the totality of the case, leading to family disaster!  It caused total disintegration of the marital relations between husband and wife, rendering both to unjustifiably lose consortium forever! The damages and harms are immeasurable and no justification can be found to support such a brutal, abusive and malicious deprivation;

## Count 8. Violation of Due Process and other Constitutional Safeguard

Defendants/potential defendants' wrongs were done and severe consequences were triggered without offering the plaintiff any evidentiary hearings at 1st place or following phase, Defendants' harms committed in false arrests and false imprisonment followed with malicious prosecution and family destruction no-contact orders against a newly wed couple without offering any meaningful proceedings except Family Court's rough, irresponsible, Summary proceedings has ripped the Plaintiffs' constitutionally protected rights to liberty and property, adequate defense and prospects of jury trial, have brutally violated Plaintiff's constitutional rights under 5th, 6th, 14th Amendment. Additionally, to chain the plaintiff's handcuff tightly to a metal bench by an excessively short metal chain for 6 hours for cruel and unusual torture in violation of his constitutional safeguard under 8th Amendment.

## STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11(b)(3)

53. Due to the unique circumstances of this case, specifically the fact that a substantial amount of the information is unavailable without Defendants' cooperation, all the factual allegations are made because they "are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," pursuant to Rule 11(b)(3). Fed. R. Civ. P. 11(b)(3)

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against Plaintiff, as follows:

      i.   Injunctive Relief:

a. Defendants shall be ordered for such a specific performance as to issue and publicize an official apology to Plaintiffs for all enumerated wrong doings for public policy concern; Praise the heroic deeds to save fellow human beings' lives should not be punished;

b. Order the Defendants to further investigate and punished responsible parties who maliciously contributed to form such wrongs;

c. Actual damages, consequential damage for $99,000.00

d. Punitive damages for $1,999,000.00 or any such amount as the Jury finds it appropriate and sufficient.

e. Any other relief as this Court finds it appropriate such as an award of fees and costs for this case and all such other incidental damages, as this Court deems just and proper.

**Plaintiff's prayer for Trial of Facts by Jury**

*Trial of facts by jury is respectfully prayed by Plaintiff.  Repeat: Plaintiff respectfully pray for trial of facts by jury.*

Respectfully submitted,

this 28th day of July, 2018, by

_____

/s/Ning Ye, Plaintiff, pro se.
135-11 38th Avenue, #1A
Flushing, NY 11354
Tel.:718-308-6626
Fax: 718-228-5816
Email: *ynyale@aol.com*

State of Delaware vs. **NING YE**                    Case Number:  17 07 021019

## Exhibit B

Also Known As:
Date of Birth/Age: **06/03/1952 (65)**          Sex:  **Male**              Race:  **Asian**
Eye Color:                    Hair Color:       Height:  **5'09"**    Weight:  **185 lbs**
Driver's License: **MD - Y000630014417**        Social Security Number:

Address: **7501 Democracy BLVD**
        **APT. 231**
        **BETHESDA, MD 20817**
Phone:

*Exhibit 1*

Employer:

Date and Times of Offense: **Between 07/28/2017 at 1356 and 07/28/2017 1356**
Location of Offense: **John F Kennedy Memorial HWY - New Castle, 19720**

Your affiant can truly state:

1. I have been a sworn officer with the Delaware river and bay authority police since February 2017. On July 28th 2017 I was patrolling within my jurisdiction here in New Castle, DE

2. I responded to a reported domestic incident on I-295 south approx. .25 miles west of New Castle avenue. Upon arrival I observed a Asian female occupant within suspect vehicle. The male was speaking with Ptlm. Capiak #3012 at the rear of the vehicle. A hispanic male was standing in the rear of his vehicle approx. 50 feet ahead of the suspect vehicle.

3. The defendant, identified as Ning, Ye (DOB 06/03/1952) was the male occupant of the suspect vehicle. The victim, identified as the female occupant in the vehicle, Wuyi, Pan (DOB 08/21/1980). Pan stated that she was in a verbal argument with Ning when she attempted to exit the vehicle. Ning grabbed Pan by the hair to prevent her from exiting the vehicle. Ning also struck Pan in the chest with his right palm.

4. Witness Osvaldo, Gonzalez (DOB 01/03/1969) confirmed Ning's account of events. His point of view was from the lane immediately right of the vehicle in question. Witness also stated that he exited his vehicle and attempted to assist Pan by contacting police via phone.

5. A interview post arrest with victim Pan showed that the argument began when Pan question Ning about a previous relationship with another person. Pan stated that her and Ning are newlyweds and provided documentation of the marriage. Ning response to being questioned about previous relationships was to become agitated. When Pan attempted to exit the vehicle in means to separate herself from Ning he became physical.

                                 _____ #4068
                                   Affiant

Sworn to and subscribed to before me this 28th day of July AD, 2017.

                                   _____
                               Judge/Commissioner/Court Official

6. An inspection of Pan's physical status showed an abrasion on the right shoulder at the neck line. right forearm was showing signs of bruising, and the left wrist had scratches from jewelry that was worn by the victim.

I respectfully request that a warrant be signed for the above charges.

Affiant: PTLM W CUZCO-BENITES (04068) of DEL. RIV & BAY AUTH

Victims:

WUYI PAN

| Date of Birth | Relationship Victim to Defendant |
| --- | --- |
| 08/21/1980 | Spouse |

Affiant

Sworn to and subscribed to before me this 28th day of July AD, 2017.

Judge/Commissioner/Court Official

State of Delaware vs. **NING YE**                    Case Number: 17 07 021019

## Exhibit A

Charge Sequence: 001    ·  Police Complaint Number: 91 17 020700  Arrest Number: 008358AWS
Charge: **Assault Third Degree Intentionally or Recklessly Causes Physical Injury to Another**
In Violation of 11 Del.C. § 0611 0001 M A
Location: John F Kennedy Memorial HWY - New Castle, 19720

TO WIT: NING YE, on or about the 28th day of July, 2017, in the County of New Castle County, State of Delaware, did intentionally or recklessly cause physical injury to WUYI PAN by striking her in the front chest with his right palm.


Charge Sequence: 002    Police Complaint Number: 91 17 020700  Arrest Number: 008358AWS
Charge: **Offensive Touching**
In Violation of 11 Del.C. § 0601 00a1 M
Location: John F Kennedy Memorial HWY - New Castle, 19720

TO WIT: NING YE, on or about the 28th day of July, 2017, in the County of New Castle County, State of Delaware, did intentionally touch WUYI PAN, either with a member of his body or with any instrument, knowing that he was thereby likely to cause offense or alarm to that person.

FAMILY COURT

I N - C O U R T    S U B P O E N A

I N - C O U R T    S U B P O E N A

CASE NO. 1707021019

**State of Delaware V. NING YE**

YOU, NING YE, ARE HEREBY COMMANDED BY FAMILY COURT OF THE STATE OF
DELAWARE TO PERSONALLY APPEAR FOR A(N) TRIAL  AT THE DATE, TIME AND
LOCATION  NOTED BELOW:

DATE / TIME:    Monday , 11/13/2017 at 01:00 PM
EVENT:          TRIAL
LOCATION:       500 N. KING STREET, WILMINGTON, DELAWARE
FLOOR:
COURTROOM:

All Juvenile Defendants must be accompanied by a parent or legal
guardian.

YOU ARE NOT RELEASED FROM THE CONDITIONS OF THIS SUBPOENA UNTIL
EXCUSED BY THE COURT. YOUR FAILURE TO APPEAR MAY RESULT IN A WARRANT
ISSUED FOR YOUR ARREST.

Should you have any questions regarding this scheduled event, please
contact THE CALL CENTER at PH:  302 255-0300.

Plan on arriving at least 15 minutes early. Since your case is
probably one of several scheduled for the same time, be prepared to
spend as much time as necessary to get this matter resolved.

BRING THIS SUBPOENA WITH YOU AND DRESS APPROPRIATELY.

CELL PHONES are PROHIBITED in the Courthouse.
Generated in Court this  9TH DAY OF AUGUST, 2017, by TAF.

_(under protest)_

Adult Complaint and Warrant
# In the Justice of the Peace Court
In and for the
## State of Delaware

State of Delaware vs.  **NING YE**

I, PTLM W CUZCO-BENITES (04068) of DEL. RIV & BAY AUTH, do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of **2 charges**, and to be further dealt with as the law directs.

_____  #_____

Affiant

Sworn to and subscribed to before me this 28th day of July AD. 2017.

_____
Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)

A. _____  The crime was committed by a child.
B. _____  A misdemeanor was committed against a child.
C. _____  A misdemeanor was committed by one family member against another family member.
D. _____  Other: Explain _____

## Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of 2 charges, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **NING YE** accused, and bring same before

## JUSTICE OF THE PEACE COURT 02, FORTHWITH, to answer said charges

GIVEN UNDER MY HAND, this 28th day of July AD, 2017.

_____
Judge/Commissioner/Court Official

JUSTICE OF THE
PEACE COURT

2017 JUL 28 PM 8 00

RECEIVED

Executed on 07/28/2017 by CUZCO-BENITES

Case Number: **17 07 021019**  Warrant Number:  **91 17 002922**  Arrest Number:  **00 83 58AWS**

| Sequence 001 | Type Defendant | SBI Number T3250130 | |
|---|---|---|---|

**Name**
YE, NING

**Nick Name**

| Sex Male | Race Asian | Ethnic Origin Not Hispanic/Latino | Age 65 | D.O.B 06/03/1952 | Height 5'9" | Weight 185 | Skin Tone Olive | Eye Color Brown |
|---|---|---|---|---|---|---|---|---|

| Hair Color Black | Hair Length Collar | Hair Style | Facial Hair | Voice Speech Accent | Teeth | Build Average | Glasses |
|---|---|---|---|---|---|---|---|

| Disguise | Disguise Color(s) | Resident Status Full-Time Resident | Unusual Characteristics | Armed With Unarmed |
|---|---|---|---|---|

**Address**
7501 Democracy Blvd
Apt. 231
BETHESDA, MD 20817

| Home Telephone (718) 308-6626 | Cell Phone | Work Phone |
|---|---|---|

| Arrest Number 008358AWS | Suspect's Clothing Description |
|---|---|

## Crimes and Associated Information

| Victim Number 001 | Crime Seq 001 | Statute DE 11/0611 (0001) MA | Crime Description Assault Third Degree Intentionally or Recklessly Causes Physical Injury to Another |
|---|---|---|---|

| Location of Offense Hwy/Rdwy/Alley/Street/Sidewalk | Status Adult Arrest 07/28/2017 | Involvement ☐ Alcohol  ☐ Drugs  ☐ Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐ Yes  ☒ No - N/A | Crime Code 13184E - Simple Assault/Family/Other Assaults/Non-Aggravated |
|---|---|

| Weapon Force Personal Weapons Hands/Feet |
|---|

| Victim Number 001 | Crime Seq 002 | Statute DE 11/0601 (00a1) M | Crime Description Offensive Touching |
|---|---|---|---|

| Location of Offense Hwy/Rdwy/Alley/Street/Sidewalk | Status Adult Arrest 07/28/2017 | Involvement ☐ Alcohol  ☐ Drugs  ☐ Computer | General Offense |
|---|---|---|---|

| Suspected Hate/Bias ☐ Yes  ☒ No - N/A | Crime Code 13134F - Offensive Touching/Other Assaults/Non-Aggravated |
|---|---|

| Weapon Force Personal Weapons Hands/Feet |
|---|

| MO Information | MO Cls Suspect's General Actions | MO Description Unknown |
|---|---|---|

## Victim - Suspect/Defendant Relationships

| Victim - 001 : PAN, WUYI | Suspect/Defendant - 001 : YE, NING | Victim Offender Relationship Spouse |
|---|---|---|

## Witness Information

| Sequence 001 | Type Witness | Name GONZALEZ , OSVALDO | Sex Male | Race White | Age 48 | D.O.B 01/03/1969 |
|---|---|---|---|---|---|---|

| Address 147 Carlise Ave  Lehigh acres, FL 33974 | Home Telephone | Cell Phone (305) 797-7290 | Work Phone |
|---|---|---|---|

## Investigative Narrative

On the above date and time, writer was dispatched to a reported domestic on I-295 south approx. .25 miles west of New Castle avenue. Upon arrival, I observed a Asian female occupant seated within the vehicle, a white Chevy sedan stopped on the left shoulder. A male was speaking with Ptlm. Capiak # 3012 at the rear of the vehicle. A Hispanic male was standing in the rear of his vehicle, a tractor and trailer, stopped approx. 50 feet ahead of the suspect vehicle.

The defendant, identified as (D1) Ning, Ye (DOB 06/03/1952) was the male occupant of the Chevy. D1 stated that he was trying to stop Wuyi, Pan (DOB 08/21/1980) (herein referred as V1)  from harming herself as she attempted

| Reporting Officer PTLM W CUZCO-BENITES - 04068 0 | Supervisor Approval Denise M Wasson OJRADMH 07/30/2017 |
|---|---|







The morning in love   The door turned open that morning The dark corridor was gone  The white rose was yours The breath was a little hurried  It looks like you wanting me The birds flew in the dream   The door turned open that morning  The bruise of memory disappeared The deep green sight was yours The language is a little disorderly  It looks like you looking at me  The cat licked his face  The door turned open that morning  Withered love letters flew away  I am looking for lost soul The past ended in an instant It looks like I am missing you Golden spreading all over the lips   I wanted to retract my promise Because I was falling in love With the gray in Manhattan 's night I wanted to retract my promise Because I was falling in love  With the morning which no longer seeing each other I want to retract my promise  Because I was falling in love  With that kiss of losing you   Wuyi pan  Manhattan E210 47ST  11/25/2017

 





T-Mobile 下午5:07 33° □

< 微信(955) 马德里的春天

Do you want to I call you right now?

I love you

My husband

Where are you

You are my husband

You can I call any time

2017年10月17日 凌晨1:54

Tanks

I'm alone

```
                    FAMILY COURT CRIMINAL DOCKET                    Page    1
                       ( as of   04/03/2018 )
```

State of Delaware v.  NING YE                              DOB: 06/03/1952
State's Atty: GENERAL DEPUTY ATTORNEY , Esq AKA:
Defense Atty: THOMAS A FOLEY , Esq.


Assigned Judge:                               *Exhibit 3*

```
 Charges:             VOP
 Count    DUC#         SEQ#      Description       Dispo.   Dispo. Date
 ---------------------------------------------------------------------
   001   1707021019       .      ASSAULT 3RD       NOLP   . 04/02/2018    .
   002   1707021019            OFF TOUCHING        NOLP     04/02/2018
```

```
No.   Event Date      Docket Add Date                    Judge
      Event
-----------------------------------------------------------------------------
    08/07/2017  ·    08/07/2017
    CASE FILED: 08/07/2017; CASE ACCEPTED: 08/07/2017
    ARREST DATE: 07/28/2017
    ARRAIGNMENT SCHEDULED FOR:   08/09/2017
    AT: 09:00 AM
    08/07/2017        08/07/2017
    ARRAIGNMENT (ADULT) SCHED: Wednesday 08/09/2017 09:00 AM
  · 08/07/2017        08/07/2017
    MOTION FILED---MOTION FOR:__TO TAKE JUDICIAL NOTICE
    FILED BY:__NING YE, DEFENDANT; PRO SE.
    "FOR A PASSENGER SITTING ON THE FRONT SEAT TO EXIT A VEHICLE IN MOTION
    IN LEFT LANE ON EXPRESSWAY IS DANGEROUS TO HER OWN LIFE AS WELL HAS
    TO HIGHWAY PUBLIC SAFETY. SUCH 'EXITING' IS NOT PERMISSABLE UNDER LAW"
      ·
    08/07/2017        08/07/2017
    MOTION FILED---MOTION FOR:__TRIAL BY JURY
    FILED BY:_DEFENDANT NING YE, PRO SE.
    THIS UNDERSIGNED DEFENDANT, PRO SE, HEREBY RESPECTFULLY PRAYS TO THIS
    HONORABLE COURT THAT THE FACTS OF THIS INSTANT CASE BE TRIED BY PETIT
    JURY (NOT "GRAND JURY", THE RUBBER STAMP) SHOULD THIS CASE WERE NOT
    SUMMARILY DISMISSED, IN ORDER TO PRESERVE THE DEFENDANT'S
    CONSTITUTIONAL RIGHTS.
    08/07/2017        08/07/2017
    MOTION FILED---MOTION FOR:_SUBPOENA ALL ARRESTING POLICE OFFICERS
    FILED BY:DEFENDANT: NING YE, PRO SE.
    OFFICER PTLM W. CUZCO-BENITES (04068)
    OFFICER PTLM CAPIAK (3012)
    AN UNNAMED WOMAN OFFICER TO WHOM MR. NING YE ALSO GAVE FULL ACCOUNT
    OF WHAT HAD HAPPENDED WITH FOCUS ON SAVING LIVES, IN ADDITION TO
    OFFICER CAPIAK.
    08/07/2017        08/07/2017
    MOTION FILED---MOTION FOR:_PROTECTIVE ORDER TO KEEP ANY AND ALL TRANSC
```

```
              FAMILY COURT CRIMINAL DOCKET            Page     2
                  ( as of   04/03/2018 )
```

State of Delaware v.  NING YE                        DOB: 06/03/1952
State's Atty: GENERAL DEPUTY ATTORNEY , Esq AKA:
Defense Atty: THOMAS A FOLEY , Esq.

```
No.    Event Date       Docket Add Date              Judge
       Event
```
--------------------------------------------------------------------------------
```
       FILED BY:_DEFENDANT, NING YE, PRO SE.
       PROTECTIVE ORDER TO KEEP ANY AND ALL TRANSCRIPTS, LONGHANGS,
       RECORDINGS OF AND CONCERNING POLICE INVESTIGATIVE RECORDS ON JULY 28,
       2017 INTACT. THIS UNDERSIGNED DEFENDANT, PRO SE, HEREBY RESPECTFULLY
       PRAYS ·TO THIS HONORABLE· COURT TO ISSUE A·PROTECTIVE ORDER ·TO KEEP
       INTACT ANY AND ALL TRANSCRIPTS, LONGHANDS, RECORDINGS, VIDEO AND
       AUDIO RECORDS, OF CONCERINING COMPLETE CASE FILES OF POLICE INVESTIGA
       TIVE RECORDS TAKEN ON AND AFTER JULY 28, 2017 INTACT WITHIN A PERIOD
       OF 7 YEARS, RETROACTIVELY STARTING ON JULY 28, 2017, 1:45 P.M.
       08/07/2017           08/07/2017
       MOTION FILED---MOTION FOR:_EVIDENTIARY HEARING CONCERNING SUFFICIENCY
       FILED BY:DEFENDANT; NING YE, PRO SE. EVIDENTIARY HEARING CONCERING N
       SUFFICIENCY OF PROBABLE CAUSE. DEFENDANT, PRO SE, HEREBY RESPECTFULLY
       PRAYS TO THIS HONORABLE COURT THAT THIS COURT IMMEDIATELY SCHEDULED
       AN EVIDENTIARY HEARING TO DETERMINE WHETHER THE STATE OF DELAWARE
       POSSESS A HUNCH OF EVIDENCE TO SATIFSY THE THRESHOLD REQUIREMENT FOR
       "PROABLE CAUSE" TO INITIATE CRIMINAL CHARGES AS 3RD DEGREE OF ASSULT
       AND OF "OFFENSIVE TOUCH" AGAINST THIS DEFENDANT WHOSE INSTINCTIVE
        REACTION TO SAVE ONE LIFE OR MORE LIVES WAS SO CONSPICUOUS THAT NONE
       WOULD LIKELY SUSPECT HIS BEHAVIOR UNDER THE CIRCUMSTANCES.
       08/07/2017           08/07/2017
       MOTION FILED---MOTION FOR:_DISMISS INFO CRIMINAL CHARGES WITH PREDUDIC
       FILED BY:_NING YE, DEFENDANT; PRO SE.
       MOTION TO DISMISS THE INFORMATION AND ALL CRIMINAL CHARGES BY THIER
       ENTIRETY WITH PREJUDICE AND POINTS AND AUTHORITIES THEREOF.
       08/08/2017           08/08/2017
       DOCKET ENTRY: CHINESE INTERPRETER REQUEST FOR 8/9/17 @ 9:00AM
       WITH COMM SEDIVEC.
       08/09/2017           08/09/2017
       DEFENDANT (ADU) ARRAIGNED: SCHEDULED FOR TRIAL
       08/09/2017           08/09/2017
       SCHEDULED TRIAL: Monday 11/13/2017 01:00 PM
       08/09/2017           08/09/2017
       IN COURT SUBPOENA (HAND DELIVERED IN COURT)
       ISSUED TO:
       08/11/2017           08/11/2017
       DOCKET ENTRY:CHINESE INTERPRETER REQUEST FOR 11/13/17 @ 1:00PM
       WITH COMM BLOUNT.
       09/07/2017           09/07/2017
       MOTION HEARING SCHED: Wednesday 09/27/2017 11:00 AM
       MOTION FOR:6 DIFFERENT MOTIONS:
       DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE.
```

FAMILY COURT CRIMINAL DOCKET                    Page    3
( as of   04/03/2018 )

State of Delaware v.  NING YE                                    DOB: 06/03/1952
State's Atty: GENERAL DEPUTY ATTORNEY , Esq AKA:
Defense Atty: THOMAS A FOLEY , Esq.

No.    Event Date      Docket Add Date                Judge
       Event
------------------------------------------------------------------------------
       DEFENDANT'S MOTION FOR TRIAL BY JURY.
       DEFENDANT'S MOTION TO SUBPOENA ALL ARRESTING POLICE OFFICERS FOR THE
       ULY 28, 2017 INCIDENT.
       DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO KEEP ANY AND ALL TRANSCRIPT
       S, LONGHANDS, RECORDINGS AND CONCERING POLICE INVESTIGATIVE RECORDS
       ON JULY 28, 2017 INTACT.
       DEFENDANT MOTION FOR EVIDENTIARY HEARING CONCERING SUFFICIENCY OF
       PROBATION CAUSE.
       MOTION TO DISMISS THE INFORMATION AND ALL CRIMINAL CHARGES BY THEIR
       ENTIRETY WITH PRDJUDICE AND POINTS AND AUTHORITES THEREOF.
       09/13/2017          09/13/2017
       DOCKET ENTRY: CHINESE INTERPRETER REQUEST FOR 9/27/17 @ 11:00AM
       WITH COMM HALEY.
       09/27/2017          09/27/2017
       MOTION DISMISSED - MOTION FOR: MODIFY NO CONTACT ORDER
       AND NOW, TO WIT, HAVING CONSIDERED THE MOTION TO MODIFY THE NO
       CONTACT ORDER, AND THE STATE'S RESPONSE, THE MOTION IS DISMISSED AS
       THE JP COURT ORDER PERMITS NO UNLAWFUL CONTACT W/HIS SPOUSE.
       10/05/2017          10/05/2017
       DOCKET ENTRY: CHINESE INTERPRETER REQUEST FOR 11/13/17 @ 1:00PM
       WITH COMM BLOUNT.
       11/13/2017          11/13/2017
       DOCKET ENTRY: ENTRY OF APPEARANCE FILED BY THOMAS A. FOLEY AS DEFENSE
       COUNSEL FOR DEF
       11/13/2017          11/13/2017
       CASE REVIEW SCHEDULED FROM TRIAL
       PROSECUTION REQUEST
       NOT READY TO PROCEED
              SET OUT TO COMPLETE CLASSE.
       11/13/2017          11/13/2017
       CASE REVIEW SCHEDULED: 4/2/18 @1PM
       11/13/2017          11/13/2017
       IN COURT SUBPOENA (HAND DELIVERED IN COURT)
       ISSUED TO: HAND NOTICE IN COURT.
              CONFIRMED DATE WITH MR. FOLEY
       12/06/2017          12/07/2017
       MOTION FILED---MOTION FOR: STATE'S MOTION TO MODIFY CONTACT
       FILED BY: ABOLORE OSHODI: AS A BAIL CONDITION THE JP COURT  ORDERED
       THAT THE DEFENDANT HAVE NO UNLAWFUL OR UNWANTED CONTACT WITH THE VICTI
       M. ON NOVEMBER 13TH THIS CASE WAS SCHEDULED FOR TRIAL AND THE DEFENDAN
       T ENTERED INTO A SIX MONTH SCHEDULE-OUT AGREEMENT WITH THE STATE. A TE
       RM OF THE AGREEMENT IS THAT THE DEFENDANT IS TO HAVE NO CONTACT WITH W

```
            FAMILY COURT CRIMINAL DOCKET              Page    4
                ( as of   04/03/2018 )
```

State of Delaware v.  NING YE                        DOB: 06/03/1952
State's Atty: GENERAL DEPUTY ATTORNEY , Esq AKA:
Defense Atty: THOMAS A FOLEY , Esq.

No.   Event Date      Docket Add Date               Judge
      Event
--------------------------------------------------------------------------------
      YUI PAN. BOTH PARTIES SIGNED AND SUBMITTED TO THE COURT A TRIAL STATUS
      REPORT REFELECTING THE AGREED UPON CONDITIONS OF THE AGREEMENT(ENCLOSE
      D). WHILE THE COURT DOCKET RELECTS THE SCHEDULE-OUT IT DOES NOT RELECT
      THE NO CONTACT CONDITION.
      12/11/2017          12/11/2017
      MOTION GRANTED--MOTION FOR:TO MODIFY CONTACT
      GRANTED BY:COMMISSIONER WOLCOTT
      HAVING CONSIDERED THE MOTION TO MODIFY CONTACT SUBMITTED BY THE STATE
      OF DELAWARE, IT IS HEREBY ORDERED THAT THE MOTION IS GRANTED.
      04/02/2018          04/02/2018
      CASE REVIEW - CHARGES NOLLE PROSEQUI

            *** END OF DOCKET LISTING AS OF  04/03/2018 ***
                PRINTED BY: CFCMBUR

*[handwritten left margin, vertical]:* I told the arresting officers even though it was not to force my wife, I feel such immediately during Such quick and prompt actions in rescuing my wife's life and probably lives of many innocent while full tank of moving traffic was on drivers at about 2pm, daytime, weekdays.

*[handwritten top]:* Ning Ye 07/2/2017 3pm

## IN THE JUSTICE OF THE PEACE COURT OF THE
## STATE OF DELAWARE IN AND FOR <u>NEW CASTLE</u> COUNTY

**DEFENDANT HISTORY**   *Exhibit 4*

**FULL NAME:** YE     NING

    LAST           FIRST           MIDDLE NAME     SUFFIX

**FULL ADDRESS:** 135-11 38th Ave. #1A Flushing NY 11354

**CITY/TOWN:** Flushing **STATE** NY **ZIP** 11354 **HOW LONG** 14 **YRS** 2 **Months**

**STATE/COUNTY RD NO:**       **SOCIAL SECURITY NO:**

**HOME PHONE NO:** (718) 8861370 **CELL** 718 3086626 **OTHER PHONE** 301 644-7845

_____ ✓ **MARRIED** ☐ **SINGLE** ☐ **DIVORCED:** ☐ **SEPARATED:** ☐

**OCCUPATION:** Attorney/Composer     **WORKING HOURS:** Full Time

**COMPANY NAME:** Law Office of Ning Ye, Esq.

**COMPANY ADDRESS:** 135-11 38th Ave. #1A Flushing, NY 11354

**COMPANY PHONE NO:** ( )

**PREVIOUS EMPLOYMENT:**

**PHONE NO:** (718) 308 6626

**NEAREST RELATIVE:** Wuyi PAN     **RELATIONSHIP:** Wife

**ADDRESS:** 135-11 38th Ave. #1A, Flushing, NY 11354

**PHONE NO:** (347) 925-5917

**DEFENDANT'S DRIVERS LICENSE NO:**       **STATE:**

**BIRTH DATE:** 06/03/1952 **HEIGHT** 5'7 **WEIGHT** 180 **SEX** M **RACE** Asian **HAIR** Black **EYES** Brown

**NICKNAMES:**       **ALIASES**

**NOTICE:** It is a criminal offense for a person to make a false statement which he knows to be false or does not believe to be true. Making a false statement is a class A misdemeanor under 11 Del. C., Section 1233.

The above information, which I have provided, is true and accurate to the best of my knowledge.

*[handwritten]:* I told officers I tried best to prevent my wife from jumping out of the moving car in express way when my wife was attempted to jump out of car a few feet

**Witness:**      in handcuff.     **Justice of the Peace**     (Seal)

**Date** 07/28/2017 3pm     **Defendant** Ning Ye

Criminal Form 30      Document No. 02 13 86 09 12

*[handwritten bottom]:* In stopping the most unfortunate from happening I pulled off the car on narrow shoulder away from moving traffic to avoid that she and probably many others getting killed. We had oral disputes on my planned visitation of my minor kids from prior marriage in DC. My wife was getting irrationally emotional and exclaimed that she wanted to committing suicide and popped open both. I grabbed to stop

# THE FAMILY COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

YE NING,                                    §        CASE NO.: 1707021019
                                            §
              Movant,                       §
                                            §
      v.                                    §
                                            §                *Exhibit 5*
STATE OF DELAWARE.                          §
                                            §

## ORDER

       **AND NOW, TO WIT**, having considered the Motion to Modify the No-Contact Order, and the State's response, the motion is _Dismissed as the JP Cn orde permits no unlawful contact w h.s spouse_

**IT IS SO ORDERED.**

_9/27/17_
**Date of Order**

_[signature]_
**Commissioner DeSales Haley**

_Commissioner BLount._