IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NING YE,                                        )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )   C.A. No. 18-1781 (MN)
                                                )
POLICE DEPARTMENT IN NEW                        )
CASTLE, DELAWARE, et al.,                       )
                                                )
            Defendants.                         )

## MEMORANDUM OPINION

Ning Ye, Flushing, New York. Pro Se Plaintiff.

Megan Trocki Mantzavnos, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware. Counsel for Defendants.

August 2, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Ning Ye ("Plaintiff") appears *pro se*. He is a composer and part-time attorney and resides in the State of New York. Plaintiff commenced this action on July 7, 2018, in the United States District Court for the Eastern District of New York and it was transferred to this Court on November 13, 2018. (D.I. 1, 7, 8). Before the Court is Defendants' motion to dismiss, Plaintiff's opposition and cross motion for summary judgment, and Plaintiff's motion for judicial notice. (D. I. 9, 10, 11). Briefing is complete.

**I.     BACKGROUND**

The Complaint attempts to raise federal and state claims. Named Defendants are Police Department in New Castle, Delaware ("Police Department"); police officer W. Cuzco-Benites ("Cuzco-Benites"), and arresting officer Mary Roe ("Roe"). Plaintiff is not certain if Cuzco-Benites and Roe are the same person. (D.I. 1 ¶ 16).

On July 28, 2017, Cuzco-Benites, a police officer with the Delaware River and Bay Authority, responded to a domestic incident involving Plaintiff and his wife, Wuyi Pan ("Pan"), while Plaintiff was driving a vehicle on I-295 in New Castle, Delaware. (D.I. 1 at 19). Plaintiff's wife was a passenger. (*Id*.). The two were having a verbal argument and, when Pan attempted to jump from the moving vehicle, Plaintiff grabbed Pan by the hair. (*Id*. ¶ 36 and Aff. at 19). Plaintiff also struck Pan in the chest with his right palm. (*Id*. at Aff. at 19). Plaintiff alleges that his actions saved Pan's life in a very dangerous and difficult situation. (*Id*. ¶ 39, 46).

Cuzco-Benites observed an abrasion on Pan's right shoulder at the neckline, the right forearm was showing signs of bruising, and the left wrist had scratches. (*Id*. at 20). Plaintiff was charged with: (1) assault third degree intentionally or recklessly causes physical injury to another as a result of striking Pan in the front chest with his right palm and; (2) offensive touching.

1

(*Id*. at 21). Plaintiff alleges that Cuzco-Benites' affidavit is "exculpatory evidence fully exonerating [him] for his noble action leading to his wrongful arrest, detention, prosecution and arraignment." (*Id*. ¶ 47).

Plaintiff alleges that Roe made the decision to arrest Plaintiff at the scene and that it was a false arrest without probable cause. (*Id*. ¶¶ 16-19, 40). Plaintiff was taken to the "New Castle Police Precinct" where he remained from 2:00 p.m. until 8:00 p.m. (*Id*. ¶ 42). He alleges that he "remained handcuffed inside the fully locked police cell . . . for six hours." (*Id*. ¶ 41). Plaintiff appeared in the Delaware Family Court "to answer criminal charges without meaningful due process and without jury." (*Id*. ¶ 42). The Court entered a restraining order and Plaintiff signed all papers "under protest." (D.I. 1 ¶ 42; D.I. 1 at 32, Family Court 12/06/2017 docket entry "as a bail condition the JP Court ordered that the Defendant have no unlawful or unwanted contact with the victim"). A motion to modify the no contact order was granted on December 11, 2017. (D.I. 1 at 33, Family Court 12/11/2017 docket entry). Plaintiff "was offered to take 'anger management course' as the condition to get the case dismissed." (*Id.* ¶ 50). The charges were nolle prossed on April 2, 2018. (D.I. 1 ¶ 50; D.I. 1 at 33, Family Court 04/02/2018 docket entry). A no-contact order had been in place for nine months at the time the case was dismissed. (*Id*. ¶ 50).

The Complaint contains eight counts: (1) Count 1, false arrest under federal and state law; (2) Count 2, false imprisonment under state law; (3) Count 3, battery under state law; (4) Count 4, assault under state law; (5) Count 5, excessive force under federal law; (6) Count 6, violation of Plaintiff's civil rights under 42 U.S.C. § 1983, including due process violations under the Fifth, Sixth, and Fourteenth Amendments and excessive force under the Eighth Amendment; (7) Count 7, deprivation of consortium; and (8) Count 8, violation of due process and other

constitutional safeguards under the Fifth, Sixth, and Fourteenth Amendments and excessive force under the Eighth Amendment. (*Id*. ¶ 52).

Cuzco-Benites is sued in her official capacity, and Roe is sued in her individual and official capacities. (D.I. 1 at 1 and ¶ 17). Plaintiff seeks compensatory and punitive damages, as well as declaratory relief, and injunctive relief. (*Id*. at 17).

Defendants move to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) the Complaint does not contain sufficient facts to support a claim for relief under state or federal law; (2) the Complaint is "perplexing and incomprehensible"; (3) the Complaint fails to present adequate facts necessary to sufficiently respond to the allegations; and (4) the Complaint fails to articulate clearly accusations and facts that are aimed at Defendants. Plaintiff filed a combined opposition to the motion to dismiss and motion for summary judgment as well as a motion for judicial notice.

## II. <u>LEGAL STANDARD</u>

Generally, when a plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Plaintiff, however, indicates that he is an attorney and practices part-time in the State of New York. (*see* D.I. 1 ¶ 8). The Court does not extend the indulgence of the *pro se* liberal construction rule to *pro se* litigants who, like Plaintiff, are also attorneys. *See Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014) (citing *Committee on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007)).

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. DISCUSSION

The Court will grant Defendants' motion to dismiss as the Complaint does not meet the pleading requirements of *Iqbal* and *Twombly*. To the extent Plaintiff attempts to raise claims under 42 U.S.C. § 1983,[1] the Complaint fails to adequately allege personal involvement by Cuzco-Benites and Roe. Notably, Plaintiff is not quite sure who arrested him. Also, he is quite complementary towards Cuzco-Benites and takes no issue with the affidavit Cuzco-Benites filed in support of her application for the warrant to arrest Plaintiff. Nor is it clear if Roe holds a supervisory position. Finally, Plaintiff does not identify who handcuffed him, where he was held following his arrest, and/or who was involved in the decision to keep Plaintiff handcuffed while awaiting his court appearance.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015). As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Iqbal*, 556 U.S. at 676; *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Here, Plaintiff's Complaint lacks facts alleging the requisite personal involvement by the individual defendants.

In addition, Defendant Police Department is not properly identified. It is unclear whether the Defendant is the New Castle County Police Department or the Police Department for the City of New Castle, Delaware. The two are separate entities. Moreover, there are no allegations that

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5

speak to municipal liability. A plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff also alleges excessive force under the Eighth Amendment. Excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment, *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). There are no allegations that Plaintiff was convicted and incarcerated during the time he was the alleged victim of excessive force. The Eighth Amendment is inapplicable to his claim of excessive force.

While the Complaint is replete with flowery language, it fails to provide facts sufficient for Defendants to respond to the allegations. Therefore, Defendants' motion to dismiss will be granted. (D.I. 9). It appears plausible, however, that Plaintiff may be able to articulate a claim against Defendants or alternative defendants, and thus he will be given an opportunity to amend his pleading. *See O'Dell v. United States* Gov't, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

Finally, the Court will deny without prejudice Plaintiff's motion for summary judgment and motion to take judicial notice. (D.I. 10, 11). There is no viable operative Complaint before the Court and no discovery has taken place. The motions are premature at this juncture of the case.

## IV. <u>CONCLUSION</u>

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 9); and (2) deny without prejudice as premature Plaintiff's motion for summary judgment and Plaintiff's motion to take judicial notice (D.I. 10, 11). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.