IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NING YE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1781 (MN) |
| ) | |
| POLICE DEPARTMENT OF NEW ) | |
| CASTLE, DELAWARE (NCCPD), et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Ning Ye, Flushing, New York.   Pro Se Plaintiff.

Joseph E. Brenner, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware.   Counsel for Defendants.

August 5, 2020
Wilmington, Delaware

NOREIKA, U.S. District Judge:

Plaintiff Ning Ye ("Plaintiff") appears *pro se*. He is a part-time attorney and resides in the State of New York. Plaintiff commenced this action on July 7, 2018, in the United States District Court for the Eastern District of New York and it was transferred to this Court on November 13, 2018. (D.I. 1, 7, 8). The original complaint was dismissed and Plaintiff was given leave to amend. (*See* D.I. 17, 18). Plaintiff filed an Amended Complaint on September 4, 2019. (D.I. 19). Before the Court is Defendants' motion to dismiss the Amended Complaint, and Plaintiff's motion for undisputed facts to be judicially noticed and motion for discovery. (D.I. 21, 26, 35). Briefing is complete.

## I.  BACKGROUND

As noted, the original Complaint was dismissed and Plaintiff was given leave to amend. The Amended Complaint names Defendant Police Department in New Castle, Delaware, and provides the address for the New Castle County Police Department ("NCCPD"). (D.I. 19 at 7). Therefore, the Court construes the Amended Complaint as naming NCCPD as a defendant. Other Defendants are: NCCPD police officer John Doe ("Doe"), NCCPD arresting officer Mary Roe ("Roe") or officer PTLM Capiak ("Capiak") (Plaintiff is not certain if Capiak and Roe are the same person) and NCCPD police officer W. Cuzco-Benites ("Cuzco-Benites"). (*Id*. at 8). The individual defendants are sued only in their official capacities.

Plaintiff alleges that he was wrongfully arrested on July 28, 2017 in the area of New Castle, Delaware. (D.I. 19 at ¶ 2). Cuzco-Benites, a police officer with the Delaware River and Bay Authority, responded to a domestic incident involving Plaintiff and his wife, Wuyi Pan ("Pan") on July 28, 2017, while Plaintiff was driving a vehicle on I-295 in New Castle, Delaware. (D.I. 1 at

19).  His wife was a passenger.  (*Id*.)  The two were having a verbal argument and, when Pan attempted to jump from the moving vehicle, Plaintiff grabbed Pan by the hair.  (D.I. 19 at ¶¶ 66, 67; D.I. 1 at 19).  Plaintiff also struck Pan in the chest with his right palm.  (D.I. 1 at 19). Plaintiff alleges that his actions saved a "fellow human life and, possibly saved several lives under a very danger and difficult situation."  (D.I. 19 at ¶ 70).

Cuzco-Benites observed an abrasion on Pan's right shoulder at the neckline, her right forearm was showing signs of bruising, and her left wrist had scratches.  (*Id*. at 20).  Plaintiff was charged with:  (1) assault third degree intentional or recklessly causes physical injury to another as a result of striking Pan in the front chest with his right palm and; (2) offensive touching. (D.I. 19 at ¶ 74; D.I. 1 at 21).  Plaintiff alleges that male officers on the scene opposed Officer Roe's to arrest Plaintiff.  (D.I. 19 at ¶ 70A).  Plaintiff alleges that nine months later the criminal charges were dismissed.  (*Id*.).  Plaintiff alleges that during those nine months he lost his wife, which the Court understands to mean that Plaintiff and his wife separated or divorced. (*Id*.).

Following his arrest Plaintiff was taken to the New Castle Police Precinct where he remained from 2 p.m. to 8 p.m.  (*Id*. at ¶ 74).  He alleges that Officer Doe placed him under triple measure security restraints and both hands were handcuffed once Plaintiff was inside the locked cell.  (*Id*. at 71).  Plaintiff alleges that Doe was assisted by Roe, that he was tightly chained and handcuffed to a low metal bench for a six-hour time frame, and that the configuration of the chains and handcuffs twisted his body without allowing him to move freely which caused excruciating pain that lead to exhaustion and numbness.  (*Id*. at ¶ 71).

Plaintiff appeared in the Delaware Family Court "to answer criminal charges without meaningful due process and without jury."  (*Id*. at ¶ 74).  The Court entered a restraining order

and Plaintiff signed all papers "under protest." (D.I. 19 at ¶ 74; D.I. 1 at 32, Family Court 12/06/2017 docket entry "as a bail condition the JP Court ordered that the Defendant have no unlawful or unwanted contact with the victim"). A motion to modify the no contact order was granted on December 11, 2017. (D.I. 1 at 33, Family Court 12/11/2017 docket entry). Plaintiff alleges that after December 2017, the conditional restraining order was turned in to a no-contact order that was issued and reissued without examining all the exculpatory evidence and without an evidentiary hearing. (D.I. 19 at ¶ 77).

Plaintiff "was offered to take 'anger management course' as the condition to get the case dismissed." (*Id.* at ¶ 92). The charges were nolle prossed on April 2, 2018. (D.I. 19 at ¶ 92; D.I. 1 at 33, Family Court 04/02/2018 docket entry). The no-contact order had been in place for nine months at the time the case was dismissed. (*Id.* at ¶ 50).

The Complaint contains eleven counts: (1) Count 1, false arrest under federal and state law (D.I. 19 at ¶¶ 93-95); (2) Count 2, a civil rights claim under 42 U.S.C. § 1983 alleging violations of 42 U.S.C. § 2000dd,[1] and the Fifth, Eight, and Fourteenth Amendments of the United States Constitution, as well as false imprisonment, false arrest, and malicious prosecution, interference of Plaintiff's right to travel, and violation of Plaintiff's right to privacy and family

---

[1] The Detainee Treatment Act of 2005, Pub.L. 109–148, § 1003(a), 119 Stat. 2739, is codified at 42 U.S.C.A. § 2000dd, and governs the prohibition on cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States Government. *See* 42 U.S.C.A. § 2000dd (stating that "[n]o individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment."). This act is clearly inapplicable and provides Plaintiff no relief. There are no allegations that Plaintiff was ever in the custody or control of the United States government. His claims revolve around alleged acts by county police officers. To the extent Plaintiff intended to raise claims under the Detainee Treatment Act they fail as a matter of law.

union[2] (*id*. at ¶¶ 96-107); (3) Count 3, false imprisonment under state law (*id*. at ¶¶ 108-109); (4) Count 4, malicious prosecution under 42 U.S.C. § 1983 (*id*. at ¶¶ 110-115); (5) Count 5, battery under state law (*id*. at ¶¶ 116-119); (6) Count 6, assault under state law (*id*. at ¶¶ 120-124); (7) Count 7, excessive force under federal and state law (*id.* at ¶¶ 125-127); (8) Count 8, false light under State law (*id*. at ¶¶ 128-132); Count 9, loss of consortium under state law (*id*. at ¶¶ 133-136); Count 10, intentional and reckless infliction of emotional distress (*id*. at ¶¶ 137-141); and Count 11, violation of due process and other constitutional safeguards under 42 U.S.C. § 1983 for violations of the Fifth, Sixth, and Fourteenth Amendments (*id.* at ¶¶ 142-144).  Plaintiff seeks compensatory and punitive damages, as well as declaratory relief, and injunctive relief.  (*Id*. at 28).

Defendants move to dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure asserting that:   (1) the Amended Complaint does not contain sufficient facts to support a claim for relief under state or federal law; and (2) Defendants are shielded from civil and criminal liability under Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4011(a).  (D.I. 21).  Plaintiff opposes and has filed an amended and supplemental motion for judicial notice and a motion for entry of a scheduling/discovery schedule upon denial of the motion to dismiss.  (D.I. 26; D.I. 35).  Defendants oppose both motions.

## II.   LEGAL STANDARD

Generally, when a plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

---

[2]   The Court understands this to mean loss of consortium.

4

Plaintiff, however, indicates that he is an attorney and practices part-time in the State of New York. (*See* D.I. 1 at ¶ 8). The Court does not extend the indulgence of the *pro se* liberal construction rule to *pro se* litigants who, like Plaintiff, are also attorneys. *See Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014) (citing *Committee on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007)).

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion*

5

*Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

The Amended Complaint is inadequately pleaded and will be dismissed for a number of reasons. First, Plaintiff has named the NCCPD as a defendant and the individual Defendants are named only in their official capacities. "An official capacity suit is . . . to be treated as a suit against the entity . . . [and] is not a suit against the official personally." *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Thus, as pleaded, the claims raised against the individual defendants in their official capacities are redundant because the NCCPD is also a named defendant.

Moreover, the Amended Complaint fails to state a claim of municipality liability. A plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights. *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). The Amended Complaint does not contain these elements. Dismissal of the claims raised under 42 U.S.C. § 1983 claims is proper for this reason alone.

With regard to the state claims, again all raised against the individual Defendants in their official capacities, governmental entities and their employees are immune from liability pursuant to the Delaware County and Municipal Tort Claims Act ("Tort Claims Act"), 10 Del. C. § 4010, *et seq.* The Tort Claims Act provides that "except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." 10 Del. C. § 4011(a). It further provides for immunity in the performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid. *Id*. at § 4011(b)(3). The Tort Claims Act provides that an employee may be personally liable for acts and omissions causing property damage, bodily injury or death in instance in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent. *See* 10 Del. C. § 4011(c).

Here, as previously stated, the individuals defendants are named in their official capacities. With regard to any actions taken by Defendants in the performance of their official functions, they are immune from suit. *See* 10 Del. C. § 4011(b)(3); *Collins v. Figueira*, C.A. No. 04C-06-009(RBY), 2006 WL 1817092 (Del. Super. Ct. June 23, 2006) (Police Department immune from suit under the Tort Claims Act for claims that it was negligence because it failed to ensure that patrolmen complied with the department's procedures and fundamental guarantees of the U.S. Constitution).

In addition, the Amended Complaint contains other pleading defects. In many instances,

it is difficult to discern if the claims are raised under federal law or state law. Many of the claims are contained in numerous counts. For example, Counts One and Two both allege false arrest; Counts Two and Four both allege malicious prosecution; Counts Two and Seven both allege excessive force under federal and state law; and Counts Two and Eleven both allege violations of the right to due process, a claim that is pled in a conclusory manner.

Also, Plaintiff alleges excessive force under the Eighth Amendment and state law. Excessive force claims under Eighth Amendment are viable only to individuals convicted of a crime. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). And Delaware law does not provide a statutory cause of action for excessive force similar to 42 U.S.C. § 1983. *See Schueller v. Cordrey*, No. CV N14C-10-201 EMD, 2017 WL 568344, at *2 (Del. Super. Ct. Feb. 13, 2017).

The Amended Complaint attempts to raise claims for false arrest, false imprisonment, and malicious prosecution. It is well-established that an essential element of a § 1983 claim for false arrest and/or false imprisonment is that the police lacked probable cause to make the arrest. *See Dowling v. City of Phila.*, 855 F.2d 136, 141–42 (3d Cir. 1988) (affirming district court's grant of summary judgment in favor of the defendant on a § 1983 false arrest claim, observing that the record of municipal court criminal proceedings showed that there was probable cause to arrest the plaintiff and plaintiff failed to produce evidence which would demonstrate a lack of probable cause); *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (holding that a false imprisonment claim under § 1983 requires a lack of probable cause for the arrest associated with the allegedly unconstitutional detention). A malicious prosecution claim under § 1983 also requires that a plaintiff "show that the officers lack probable cause to arrest [the plaintiff]." *Wright v. City of Phila.*, 409 F.3d 595, 604 (3d Cir. 2005). Attached to the original Complaint,

8

however, is a warrant issued by a justice of the peace finding probable cause for issuance of process. Hence, the Amended Complaint fails to state claims for false arrest, false imprisonment, and malicious prosecution.

In addition, an element of a malicious prosecution claim is that the criminal proceedings terminated in Plaintiff's favor. Here, the Amended Complaint alleges that an offer was made for Plaintiff to take an anger management course as a condition for dismissal of the criminal charges. If dismissal of the charges resulted from an agreement with the prosecution, and not Plaintiff's innocence, he cannot establish favorable termination for purposes of a § 1983 action for malicious prosecution. *See Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (a grant of nolle prosequi that does not establish actual innocence cannot be used as a basis for establishing malicious prosecution). The allegations, coupled with the documents attached Complaint and Amended Complaint fail to state claims of false arrest, false imprisonment, and malicious prosecution.

Finally, the Amended Complaint does not allege the elements of a false light claim, *see Lee ex rel. B.I. v. Picture People, Inc.*, No. CIV.A. K10C-07002RBY, 2012 WL 1415471, at *3 (Del. Super. Ct. Mar. 19, 2012), a loss of consortium claim, *see Lacy v. G.D. Searle & Co.*, 484 A.2d 527, 532 (Del. Super. Ct. 1984), or intentional infliction of emotional distress, *see Goode v. Bayhealth Med. Ctr., Inc.*, No. 431, 2006, 2007 WL 2050761, at *2 (Del. July 18, 2007).

Accordingly, Defendants' motion to dismiss will be granted. (D.I. 21). Plaintiff will be given one final opportunity to cure his pleading defects

Finally, the Court will deny without prejudice Plaintiff's amended and supplemental motion to take judicial notice and Plaintiff's motion for a scheduling and discovery order. (D.I. 26, 35). There is no viable operative Complaint before the Court and no discovery has taken

9

place.  The motions are premature at this stage of the litigation.

## IV. CONCLUSION

For the above reasons, the Court will:  (1) grant Defendants' motion to dismiss the Amended Complaint (D.I. 21); and (2) deny without prejudice as premature Plaintiff's amended and supplemental motion to take judicial notice and Plaintiff's motion for a scheduling and discovery order (D.I. 26, 35).  Plaintiff will be given leave to file a second amended complaint.

An appropriate Order will be entered.