IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NING YE,                                      )
                                              )
                    Plaintiff,                )
                                              )
        v.                                    )      C.A. No. 18-1781 (MN)
                                              )
POLICE DEPARTMENT OF NEW                      )
CASTLE, DELAWARE (NCCPD), et al.,             )
                                              )
                    Defendants.               )

## MEMORANDUM OPINION

Ning Ye, Flushing, New York.   Pro Se Plaintiff.

Dawn C. Doherty, Riley B. MacGray, Roger P. Downes, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware.   Counsel for Defendants.

August 18, 2021
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff Ning Ye ("Plaintiff") appears *pro se*.   He is a part-time attorney and resides in the State of New York.   Plaintiff commenced this action on July 7, 2018, in the United States District Court for the Eastern District of New York and it was transferred to this Court on November 13, 2018.   (D.I. 1, 7, 8).   The original Complaint and the Amended Complaint were dismissed and Plaintiff was given leave to amend.   (*See* D.I. 17, 18, 38, 39).   Plaintiff filed a Second Amended Complaint on September 30, 2020.   (D.I. 41).   Before the Court are Defendants' motion to dismiss the Second Amended Complaint, and Plaintiff's and Defendants' motions for sanctions.   (D.I. 42, 53, 58).   Briefing is complete.

I.     **BACKGROUND**

As discussed, both the original Complaint and Amended Complaint were dismissed and Plaintiff was given leave to amend.   The Second Amended Complaint, although not identical, does not differ much from the dismissed Amended Complaint.   The main difference is that the Complaint and Amended Complaint named individual defendants only in their official capacities, while the Second Amended Complaint names individual Defendants in their official and individual capacities.   In addition, unlike the original Complaint and the Amended Complaint, the Second Amended Complaint invokes the Fourth Amendment.   Because the pleadings are so similar, this Court sees no need to reiterate Plaintiff's allegations as they are fully set forth in this Court's August 5, 2020 Memorandum Opinion.   (*See* D.I. 38).

The Second Amended Complaint contains nine counts:   (1) Count 1, false arrest under federal and state law (D.I. 41 ¶¶ 77-78); (2) Count 2, false imprisonment under state law (*id.* ¶ 79); (3) Count 3, battery under state law (*id.* ¶ 80); (4) Count 4, assault (*id.* ¶ 81); (5) Count 5, excessive force under federal and state common law (*id.* ¶ 82); (6) a civil rights claim under 42 U.S.C. § 1983

for violating the Fourth, Fifth, Eight, and Fourteenth Amendments of the United States Constitution, as well as false imprisonment, false arrest, malicious prosecution, and torture[1] (*id.* ¶¶ 83-86); (7) Count 7, offensive invasion of privacy with malicious intent (*id.* ¶ 87); (8) Count 8, deprivation of consortium (*id.* ¶¶ 87-89);[2] (9) Count 9, intentional and reckless infliction of emotional distress (*id.* at 28); and (10) Count 10, due process and other constitutional safeguards claims under 42 U.S.C. § 1983 for violations of the Fifth, Sixth, and Fourteenth Amendments (*id.* ¶¶ 90-92).   Plaintiff seeks compensatory and punitive damages, as well as declaratory relief, and injunctive relief.   (*Id.* at 31-32).

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) the Second Amended Complaint fails to contain sufficient facts to support a claim for relief; (2) Plaintiff failed to cure the pleading defects on the previously dismissed claims; (3) Plaintiff fails to state personal capacity claims against Defendants; and (4) Defendants have qualified immunity.   (D.I. 42).   The parties have filed cross-motions for Rule 11 sanctions.   (D.I. 53, 58).

## II.    LEGAL STANDARD

Generally, when a plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Plaintiff, however, is an attorney and practices part-time in the State of New York.   (*See* D.I. 1

---

[1]    Plaintiff raised the torture claim in the First Amended Complaint under 42 U.S.A. § 2000dd and it was dismissed as clearly inapplicable.   (*See* D.I. 38 at n.1).   Plaintiff improperly reasserts this claim under the 2005 Public Act rather than the statute.   Without belaboring the point, the act is inapplicable and provides Plaintiff no relief.

[2]    The Second Amended Complaint contains two paragraphs numbered "87".   (*See* D.I. 41 at 27-28).

¶ 8).   Hence, as an attorney he is not extended the indulgence of the *pro se* liberal construction rule.   *See Tatten v. Bank of Am. Corp.*, 562 F. App'x 718, 720 (10th Cir. 2014) (citing *Committee on the Conduct of Attorneys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007)).

When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions."   *Id.* at 210-11.   Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'"   *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"   *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences."   *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).   Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element"

of a plaintiff's claim.   *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).   In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.   *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   <u>DISCUSSION</u>

Like the Complaint and the Amended Complaint, the Second Amended Complaint is inadequately pleaded.   The claims raised in the Amended Complaint that are again raised in the Second Amended Complaint are dismissed for the same reasons discussed in this Court's August 5, 2020 Memorandum Opinion.   (D.I. 38 at 7-10).

The Second Amended Complaint refers to the Fourth Amendment.   Rather than indicate under what theories the Fourth Amendment violations allegedly occurred, Plaintiff lists a number of violations followed by a list of Amendments so that this Court must hazard a guess as to how the Fourth Amendment was allegedly violated.   (*See, e.g.*, D.I. 41 ¶¶ 19, 84, 85).   Claims may be raised under the Fourth Amendment for violations of right to privacy, false arrest, and false imprisonment.   As discussed above, however, Plaintiff did not cure the pleading defects of the previously dismissed false arrest and false imprisonment claims.

To the extent the Second Amended Complaint alleges that Plaintiff's due process rights were violated during Family Court proceedings, the claim fails as the allegations are not directed towards a specific defendant.   As to right to privacy, the Constitution's protection of privacy rights is "limited to those rights of privacy which are fundamental or implicit in the concept of ordered liberty."   *Doe v. SEPTA*, 72 F.3d 1133, 1137 (3d Cir. 1995) (citing *Paul v. Davis*, 424 U.S. 693, 713 (1976)) (quotation omitted).   Here, Plaintiff alleges that Defendants violated his right to privacy when they placed him in a false light that resulted in loss of consortium.   The

constitution does not guard against this type of invasion.  *See e.g.*, *Scheetz v. The Morning Call, Inc.*, 946 F.2d 202, 207 (3d Cir. 1991) ("We conclude that the information contained in a police report is not protected by the . . . constitutional right of privacy.").  Finally, to the extent Plaintiff invokes the Fourth Amendment with regard to his arrest, based upon the facts as alleged, it was reasonable for Defendants to believe that a criminal offense was or had been committed.  *See Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004) (warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed),

Accordingly, Defendants' motion to dismiss will be granted.  (D.I. 42).  This Court has dismissed all federal claims.  To the extent there remain supplemental state claims, this Court exercises its discretion and declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).  Finally, while Plaintiff proceed *pro se*, he is a licensed attorney and has been given multiple opportunities to cure his pleading defects, to no avail.  No further amendments will be allowed.

## IV.  <u>CONCLUSION</u>

For the above reasons, the Court will:  (1) grant Defendants' motion to dismiss the Second Amended Complaint (D.I. 42);[3]  and (2) deny as moot all motions pertaining to Rule 11 sanctions (D.I. 53, 58, 61).

An appropriate Order will be entered.

---

[3]     This Court does not specifically address the issue of qualified immunity other than to observe that the Second Amended Complaint fails to make out violations of a constitutional right, making qualified immunity appropriate.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (claims of qualified immunity are determined by using a two-step sequence: whether the facts "make out a violation of a constitutional right;" and this right was "clearly established" at the time of the alleged misconduct.